IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HJALMAR RODRIGUEZ, Jr., )
)
                Plaintiff, )
)
v. ) CIVIL ACTION NO. 5:17-cv-387 (MTT)
)
DEREK CLUPPER, *et al.*, )
)
                Defendants. )
)

## ORDER

Before the Court are various Motions for Reconsideration filed by Plaintiff Hjalmar Rodriguez, Jr. Docs. 191; 192; 222; 254.[1] Specifically, the Plaintiff has requested the Court to reconsider (1) the Court's Order (Doc. 183) denying the Plaintiff's previous motions for reconsideration of the Magistrate Judge's order setting aside the clerk's entry of default against Defendant Burnside; (2) the Magistrate Judge's order (Doc. 187) denying appointment of counsel; and (3) the Court's Order (Doc. 183) dismissing the Plaintiff's claims against Defendants Kyles and Gore for failure to exhaust. *Id.* The Court will address the Plaintiff's motions in turn.

First, the Plaintiff has moved the Court to reconsider its Order denying his previous motions for reconsideration of the Magistrate Judge's order setting aside the clerk's entry of default. Docs. 191; 222. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was

---

[1] Docket number 222 is a two-page document titled as "Plaintiff's Ex Parte Motion for Consideration of (Doc-191) and (Doc-192) in re (Doc-187) by the District Court." Doc. 222. Accordingly, the Court construes this as a supplement to the Plaintiff's other motions for reconsideration (Docs. 191; 192).

not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (quotation marks and citation omitted). The Plaintiff does not argue that there has been an intervening change in the law or that new evidence has been discovered which was previously unavailable. Rather, the Plaintiff contends that there has been "a significant clerical error, mistake and/or oversight in the order and titling of the filing of the documents filed in [this case]" because he "had actually filed a timely request for an extension of time to file an objection to the Magistrate's order." Docs. 191 at 1; 191-1 at 3; 222 at 2. It appears the Plaintiff is challenging the Court's *alternative* ground for denying his previous motions for reconsideration—that the Plaintiff's previous motions were untimely raised. Doc. 183 at 4-5. But as the term alternative suggests, the Court would have still denied the Plaintiff's previous motions even had he timely filed his objection, given that the Court found, and still finds, that the Magistrate Judge's order was not "clearly erroneous or contrary to law." Doc. 183 at 4; *see* Doc. 118 at 6 (the Magistrate Judge's finding that "there is no indication that Defendant's failure to respond was willful or culpable," that the Plaintiff cannot show he suffered any prejudice from the untimely response, and that Defendant Burnside has shown he can raise a meritorious defense to the Plaintiff's claims); *see also Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (noting the district court has discretion to not enter a default judgment). Accordingly, the Plaintiff's motions to reconsider (Docs. 191; 222) the Court's Order denying the Plaintiff's previous motions for reconsideration are **DENIED**.

Next, the Plaintiff has objected to the Magistrate Judge's order denying the Plaintiff's request for appointment of counsel, which the Court construes as a motion for reconsideration. Doc. 192. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider any pretrial order of a magistrate judge "where it has been shown that the

magistrate judge's order is clearly erroneous or contrary to law." The Plaintiff argues that he needs assistance of counsel because his case is complicated and "[t]his will be the Plaintiff's very first time in going through the discovery stage." Doc. 192 at 2. According to the Plaintiff, he will, "without a shadow of a doubt," not receive "the needed discovery to either move for summary judgment or defend [D]efendants['] motion for summary judgment." Doc. 222 at 2. However, the Plaintiff's concerns are unwarranted, particularly given that he has proficiently navigated through discovery and recently moved for a partial summary judgment against the Defendants. Doc. 235. Accordingly, because the Plaintiff cannot show that the Magistrate Judge's order was clearly erroneous or contrary to law, his motions to reconsider (Docs. 192; 222) the order denying his request for appointment of counsel are **DENIED**.

Finally, the Plaintiff has moved the Court to reconsider its Order dismissing his deliberate indifference to medical needs claims against Defendants Kyles and Gore for failure to exhaust. Doc. 254. The Plaintiff contends that because the Supreme Court in *Ross v. Blake*, 136 S.Ct. 1850 (2016), "substantially changed" the law regarding exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") and because the Plaintiff was unaware of that decision at the time he submitted a response to the Defendants' motion to dismiss and objected to the Recommendation, his motion for reconsideration should be granted. Doc. 254-1 at 2, 4. The Court disagrees. As an initial matter, the Court notes that *Ross* was decided on June 6, 2016, which is over a year *before* the Court entered its Order adopting the Recommendation to dismiss the Plaintiff's claims against Defendants Kyles and Gore for failure to exhaust. *See* Doc. 183 (entered on Oct. 6, 2017). Thus, to the extent the Plaintiff argues there has been an intervening change in the law, no such intervening change occurred since the Court ruled on the Recommendation. Moreover, to the extent the

Plaintiff seeks relief from the Court's Order under Federal Rule of Civil Procedure 60 due to inadvertence or excusable neglect (Doc. 254-1 at 3), that request for relief is denied because, when ruling on the Recommendation, the Court was mindful of the decision in *Ross* and determined that decision did not (and concludes it still does not) change the Court's conclusion.  Thus, the Plaintiff's reliance on *Ross* is misplaced.

In *Ross*, while noting the PLRA "mandates that an inmate exhaust such administrative remedies as are available before bringing suit to challenge prison conditions," the Supreme Court recognized a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'"[2]  136 S.Ct. at 1854-55 (quotation marks and citation omitted).  The Supreme Court observed three kinds of circumstances in which an administrative remedy, although officially on the books, was not available: (1) when the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id.* at 1859-60.  The Supreme Court recognized, however, that "[g]iven prisons' own incentives to maintain functioning remedial processes, we expect that these circumstances will not often arise."  *Id.* at 1859.

Here, the Plaintiff argues the first and third "prongs" apply.  Doc. 254-1 at 8.  Regarding the first "prong," the Plaintiff asserts that the grievance procedure is a simple

---

[2] Contrary to the Plaintiff's assertion, this clearly was not a "substantial change" in the law.  In fact, almost a decade before the *Ross* decision, the Eleventh Circuit also recognized the availability requirement under the PLRA.  *See, e.g.*, *Goebert v. Lee Cty.*, 510 F.3d 1312, 1322 (11th Cir. 2007).  Thus, *Ross*, in relevant part, was more of a cautionary reminder for courts to apply the "availability" standard "to the real-world workings of prison grievance systems."  *See Ross*, 136 S.Ct. at 1859.

dead end because "for the past almost seven (7) years[,] every single grievance [he has filed] has either been rejected and/or arbitrarily denied without ever an investigation being done," and, thus, "the only good a grievance is for in the Georgia Dep't of Corrections is [] to file a lawsuit." *Id.* The Court cannot accept these conclusory, conjectural allegations. Based on the record—including grievance forms submitted by the Plaintiff—it is clear the Plaintiff's grievances were not arbitrarily decided. *See, e.g.*, Docs. 1-19 at 3; 1-20 at 3; 1-22 at 2; 1-23 at 2; 1-24 at 2; 1-25 at 2. Nonetheless, the Plaintiff argues the grievance policy "was also systimatically [sic] unavailable" because inmates are only allowed to file one issue per grievance and only have two active grievances at a time and the grievances must be filed within a ten-day period. *Id.* at 8-9. That same argument was rejected by the Eleventh Circuit. *See Pearson v. Taylor*, 665 F. App'x 858, 867-68 (11th Cir. 2016) ("We are not persuaded that these aspects of the policy [where an inmate can have no more than two active grievances at any one time and cannot list multiple issues in a single grievance] render the grievance process unavailable for purposes of the PLRA."). Because the GDOC policy allowed the Plaintiff to withdraw a pending grievance and file a new one, the Plaintiff clearly "had an available route to exhaust his claims regarding the denial of medical treatment according to the applicable procedural rules, even if it would have required him to prioritize his grievances." *Id.* at 868. Accordingly, the Plaintiff has failed to demonstrate that the grievance procedure was unavailable as a "simple dead end."

Regarding the third "prong," the Plaintiff claims he "has already shown and plead that his grievance against Defendant Gore was thwarted by Defendants in ECF-125-1." Doc. 254-1 at 9. Again, based on the record, it is clear no grievance for deliberate indifference was filed against Defendant Gore—and certainly no grievance was filed against Defendant Kyles—and there was "no evidence that prison officials have

hindered [the Plaintiff's] grievance process by failing to provide [him] with grievance receipts." Doc. 1-20 at 5.  As the Magistrate Judge pointed out in his previous Recommendation (Doc. 134), the Plaintiff's allegations that the counselors deliberately hindered his grievance request simply "are not credible."[3]  Doc. 134 at 13.  Thus, the Plaintiff has failed to show that he was thwarted from using the grievance process.  Accordingly, the Court **DENIES** the Plaintiff's motion to reconsider (Doc. 254) the Order dismissing his claims against Defendants Kyles and Gore for failure to exhaust.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motions for reconsideration (Docs. 191; 192; 222; 254) are **DENIED**.

**SO ORDERED,** this 20th day of July, 2018.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[3] The Court reaches this conclusion even after having reviewed the Plaintiff's "Affidavit in Support to His Motion in Opposition to Defendants['] Motion to Dismiss" and the attachments therein.  *See generally* Doc. 125-1.