IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HJALMAR RODRIGUEZ, JR., :
:
      Plaintiff, :
:
vs. :
: CIVIL ACTION NO. 5:17-CV-387 (MTT)
MACON STATE PRISON, *et al.*, :
:
      Defendants. :
_____ :

## **ORDER**

Following a jury trial and entry of final judgment in favor of the Defendants, Plaintiff Hjalmar Rodriguez, Jr. filed a notice of appeal. Doc. 319. In his notice of appeal, the Plaintiff stated that he was unable to pay the filing fee, and prison officials would not provide him a certified copy of his trust fund account statement so that he could petition to proceed in forma pauperis. Doc. 319 at 1. The Plaintiff moved for the Court to order prison officials to produce a copy of his trust fund account statement. Doc. 322. The Court granted Plaintiff's motion. Doc. 323. Prison officials complied with the Court's Order and produced a certified copy of Plaintiff's trust fund account statement. Doc. 324.

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows . . . the party's inability to pay or to give security for fees and costs;
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the Plaintiff is financially able to pay the filing fee required for an appeal. Documents filed in this Court on August 14, 2019 indicate that the Plaintiff is unable to pay the $505 appellate filing fee. Doc. 324.

Next, the Court must determine if the Plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).

"In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although somewhat difficult to decipher, it appears that the Plaintiff is appealing the following pretrial orders: (1) July 9, 2015 Order adopting in part the Recommendation of the United States Magistrate Judge, Doc 52; (2) April 25, 2016 Order granting Defendants' motion to vacate entry of default judgment as to Defendant Burnside, Doc. 118; (3) October 6, 2017 Order adopting the Magistrate Judge's Recommendation as modified, Doc. 183; (4) October 6, 2017 Order adopting the Recommendation to deny Plaintiff's motions for preliminary injunctive relief, Doc. 184; (5) March 20, 2018 Order denying Plaintiff's motions for extension, motion for additional discovery, motion to compel, motion to stay, and motion for a discovery conference, Doc. 217; (6) July 13, 2018 Order denying Plaintiff's motion to compel, motion to stay, and motion for reconsideration, Doc. 267; (7) July 13, 2018 Order denying Plaintiff's motion for clarification and notice, motion for extension, motion for copies, and motion for a hearing, Doc. 268; (8) July 20, 2018 Order denying Plaintiff's motion for reconsideration, Doc. 269; (9) July 20, 2018 Order adopting the Recommendation to deny Plaintiff's motion to amend complaint, motion for reconsideration, and motion to sever his secondary due process claim, Doc. 270; and (10) May 9, 2019 Order denying Plaintiff's motion for appointment of counsel, Doc. 305.

The Court has reviewed the record and determines that the Plaintiff raises no issues with arguable merit regarding these pretrial matters. Thus, his appeal of these Orders is not brought in good faith.

On June 3, 2019, Plaintiff's case proceeded to trial on three issues: (1) did Defendant Derek Clupper use excessive force against Plaintiff; (2) did Defendants Derek Clupper, Michael Kyles, William Powell, and Rufus Logan retaliate against Plaintiff; and (3) was Defendant Dr. Edward Burnside deliberately indifferent to Plaintiff's serious medical needs. Doc. 315. On June 4, 2019, the jury returned a verdict in favor of the Defendants. Docs. 314-15. Judgment was entered in favor of the Defendants. Doc. 318.

Plaintiff states that he "appeals all said matters conducted, order[ed], and ruled upon these days in regards [to] the trial, the verdict[,] and charges to the jury[,] in which all of the Plaintiff's request to instruct the jury where (sic) denied." Doc. 319 at 3.

Given this general description, it is difficult to discern what alleged errors the Plaintiff is appealing. The Plaintiff fails to tell the Court exactly what rulings he wants to appeal or whether he objected to the rulings during the trial. The basis for the Plaintiff's appeal of the "verdict" is unknown. Doc. 319 at 3. In relation to appealing the jury instructions, the Plaintiff provided the Court with his proposed requests to charge at the May 16, 2019 pretrial conference. Doc. 309. The Court told both parties that it would instruct the jury using the Eleventh Circuit Pattern Jury Instructions for Civil Cases, and the Court so instructed the jurors. Doc. 310. The Plaintiff has failed to inform the Court which of the given jury instructions he challenges and why.

Most importantly, the Plaintiff was allowed wide latitude at trial to develop his case as he saw fit. The issues were entirely factual and the jury resolved those factual issues adversely to the Plaintiff. Based on what the Court observed at trial, the Court sees no nonfrivolous issues to raise on appeal.

In conclusion, the Court finds that the Plaintiff has raised no nonfrivolous issues regarding pretrial or trial matters. Consequently, to the extent that the Plaintiff requests to appeal in forma pauperis in his notice of appeal, Doc. 319, that request is **DENIED**.

If the Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because the Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section1915(b), the prison account custodian where the Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to the Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which the Plaintiff is incarcerated.

**SO ORDERED**, this 16th day of September, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT